1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO GONZALES, | 1:06-CV-00951 LJO NEW (DLB) HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| K. MENDOZA-POWERS, Warden, et al., | |
| Respondents. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Los Angeles, following his conviction by plea of guilty on April 2, 1987, to murder in the second degree in violation of Cal. Penal Code § 187, attempted murder in violation of Cal. Penal Code § 187, and use of a firearm during commission of the offense in violation of Cal. Penal Code § 12022.5. See Exhibit 1,

---

[1] This information is derived from the petition for writ of habeas corpus, the exhibits lodged with the petition, Respondent's answer, the exhibits lodged with Respondent's answer, and Petitioner's traverse.

Answer.  Petitioner was sentenced to a total indeterminate term of 17 years to life with the possibility of parole. Id.

On March 16, 2005, a parole suitability hearing was held by the California Board of Prison Terms ("BPT") at Avenal State Prison. See Exhibit 1, Petition. Petitioner attended the hearing and was represented by his attorney, Leon Harris III. Id. At the conclusion of the hearing, the BPT denied parole and deferred rehearing for one year. Id.

On April 25, 2005, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court challenging the BPT's decision. See Exhibit 5, Answer. In a reasoned decision, on June 3, 2005, the court denied the petition. Id.

On June 15, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeals, Second Appellate District. See Exhibit 6, Answer. On August 1, 2005, the petition was summarily denied. Id.

Petitioner then filed a petition for writ of habeas corpus in the California Supreme Court on August 10, 2005. See Exhibit 7, Answer. Respondent states the California Supreme Court summarily denied the petition on June 14, 2006.

On July 10, 2006, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Central District of California. By order of the Court dated July 17, 2006, the action was transferred to the Eastern District and received in this Court. The petition for writ of habeas corpus does not challenge the underlying conviction; rather, it challenges the March 16, 2005, decision of the California Board of Prison Terms denying parole. Petitioner claims the BPT decision is arbitrary, capricious and not supported by the record, thereby violating his constitutional rights. He further argues the denial of parole violates his plea agreement.

On December 15, 2006, Respondent filed an answer to the petition. Petitioner filed a traverse to the answer on January 18, 2007.

2

**FACTUAL BACKGROUND**[2]

The record reflects petitioner was a member of the Playboy street gang. On the day of the commitment offense petitioner waited in the bushes for a group of King Cobra street gang members. He then stood up, pulled out a handgun, and fired two rounds into a crowd. One round hit a thirteen year-old girl and wounded her. Petitioner then ran away and two girls chased him. At some point petitioner turned and fired at the girls, striking one of them in the stomach, killing her. He fired two more times at the last remaining girl but the gun did not discharge. The crime was apparently in retaliation for prior assaults the King Cobras had inflicted on members of the Playboys.

See Exhibit 5, Answer.

**DISCUSSION**

I.    Standard of Review

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.  Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

Petitioner is in custody of the California Department of Corrections pursuant to a state court judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C. § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold requirement of being in custody pursuant to a state court judgment. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), *citing* White v. Lambert, 370 F.3d 1002, 1006 (9th Cir.2004) ("Section 2254 'is the exclusive vehicle for a habeas petition by a

---

[2]This summary of the conviction offense is taken from the June 3, 2005, order of the Los Angeles County Superior Court denying the petition for writ of habeas corpus. See Exhibit 5, Answer.

1  state prisoner in custody pursuant to a state court judgment, even when the petition is not

2  challenging his underlying state court conviction.'").

3      The instant petition is reviewed under the provisions of the Antiterrorism and Effective

4  Death  Penalty Act which became effective on April 24, 1996.  <u>Lockyer v. Andrade</u>, 538 U.S.

5  63, 70 (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless

6  the adjudication of the claim "resulted in a decision that was contrary to, or involved an

7  unreasonable application of, clearly established Federal law, as determined by the Supreme Court

8  of the United States" or "resulted in a decision that was based on an unreasonable determination

9  of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C.

10  § 2254(d); <u>see</u> <u>Lockyer</u>, 538 U.S. at 70-71; <u>see</u> <u>Williams</u>, 529 U.S. at 413.

11      As a threshold matter, this Court must "first decide what constitutes 'clearly established

12  Federal law, as determined by the Supreme Court of the United States.'" <u>Lockyer</u>, 538 U.S. at 71,

13  *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this

14  Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as

15  of the time of the relevant state-court decision." <u>Id.</u>, *quoting* <u>Williams</u>, 592 U.S. at 412. "In other

16  words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or

17  principles set forth by the Supreme Court at the time the state court renders its decision." <u>Id.</u>

18      Finally, this Court must consider whether the state court's decision was "contrary to, or

19  involved an unreasonable application of, clearly established Federal law." <u>Lockyer</u>, 538 U.S. at

20  72, *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may

21  grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme]

22  Court on a question of law or if the state court decides a case differently than [the] Court has on a

23  set of materially indistinguishable facts."  <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>Lockyer</u>, 538 U.S.

24  at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the

25  state court identifies the correct governing legal principle from [the] Court's decisions but

26                                                                4

27

28

1   unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at

2   413.

3   "[A] federal court may not issue the writ simply because the court concludes in its

4   independent judgment that the relevant state court decision applied clearly established federal

5   law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411.

6   A federal habeas court making the "unreasonable application" inquiry should ask whether the

7   state court's application of clearly established federal law was "objectively unreasonable." Id. at

8   409.

9   Petitioner has the burden of establishing that the decision of the state court is contrary to

10  or involved an unreasonable application of United States Supreme Court precedent. Baylor v.

11  Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the

12  states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a

13  state court decision is objectively unreasonable.  See Clark v. Murphy, 331 F.3d 1062, 1069 (9th

14  Cir.2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

15  AEDPA requires that we give considerable deference to state court decisions. The state

16  court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's

17  interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), cert. denied,

18  537 U.S. 859 (2002), rehearing denied, 537 U.S. 1149 (2003).

19  II.    Review of Claims

20  A parole release determination is not subject to all the due process protections of an

21  adversary proceeding. Pedro v. Oregon Parole Board, 825 F.2d 1396, 1398-99 (9th Cir. 1987); see

22  also Greenholtz v. Inmates of Nebraska Penal and Corr. Complex, 442 U.S. 1, 12 (1979)

23  (explaining that due process is flexible and calls for procedural protections that particular

24  situations demand). "[S]ince the setting of a minimum term is not part of a criminal prosecution,

25  the full panoply of rights due a defendant in such a proceeding is not constitutionally mandated,

26                                              5

27

28

1   even when a protected liberty interest exists." <u>Pedro</u>, 825 F.2d at 1399; <u>Jancsek v. Oregon Bd. of</u>

2   <u>Parole</u>, 833 F.2d 1389, 1390 (9th Cir.1987). At a state parole board proceeding, the only process

3   to which an inmate is entitled is: 1) the inmate must receive advance written notice of a hearing,

4   <u>Pedro</u>, 825 F.2d at 1399; 2) the inmate must be afforded an "opportunity to be heard,"

5   <u>Greenholtz</u>, 442 U.S. at 16; 3) if the inmate is denied parole, the inmate must be told why "he

6   falls short of qualifying for parole," <u>Id.</u>; and 4) the decision of the Board must be supported by

7   "some evidence" having an indicia of reliability, <u>Superintendent, Mass. Correc. Inst. v. Hill</u>, 472

8   U.S. 445, 455 (1985); <u>Cato v. Rushen,</u> 824 F.2d 703, 705 (9th Cir.1987).

9         "In <u>Superintendent v. Hill</u>, the Supreme Court held that 'revocation of good time does not

10   comport with 'the minimum requirements of procedural due process,' unless the findings of the

11   prison disciplinary board are supported by some evidence in the record.' 472 U.S. 445, 454

12   (1985), *quoting* <u>Wolff v. McDonnell</u>, 418 U.S. 539, 558 (1974)." <u>Sass</u>, 461 F.3d at 1128. In

13   determining whether the "some evidence" standard is met, the Court need not examine the entire

14   record, independently assess the credibility of witnesses, or re-weigh the evidence. <u>Id</u>. Rather,

15   the Court must determine whether there is any evidence in the record that could support the

16   conclusion of the disciplinary board. <u>Id.</u>, *citing* <u>Superintendent v. Hill</u>, at 455-56. Although <u>Hill</u>

17   involved the accumulation of good time credits, the same standard applies to parole, as both

18   situations "directly affect the duration of the prison term." <u>Id.</u>, *citing* <u>Jancsek v. Oregon Bd. of</u>

19   <u>Parole</u>, 833 F.2d at 1390.

20         With regard to the procedural protections outlined in <u>Greenholtz</u>, as Respondent submits,

21   Petitioner was provided all that is required. Petitioner was provided with advance notice of the

22   hearing, an opportunity to submit materials for the Board's consideration, an opportunity to be

23   heard during the hearing, and a written decision explaining the reasons that parole was denied.

24   <u>See</u> Exhibit 1, Petition.

25         Petitioner, however, contends the BPT's decision was not supported by the evidence.

26

27

28

1  Nevertheless, a review of Petitioner's parole hearing reveals that the state court decision finding

2  the BPT's decision to be supported by some evidence is not unreasonable. The superior court

3  first noted the BPT found that multiple victims were attacked. <u>See</u> Cal. Code Regs., tit. 15,

4  § 2402(c)(1)(D).[3] This finding is supported by the fact that Petitioner shot into a crowd injuring

5  one thirteen year-old girl. He then killed another girl after shooting her in the stomach. He

6  attempting to kill still another, but fortunately the gun did not discharge.

7          The superior court also noted the offense was carried out in a dispassionate manner. <u>Id</u>.

8  This finding is supported by the manner in which Petitioner coldly waited in ambush and then

9  indiscriminately shot into a crowd. The court further noted the motive was very trivial. <u>Id</u>.

10  Indeed, his gangland motive was a very trivial one.

11          In light of the above, it is clear there was some evidence supporting the BPT finding of

12  unsuitability, and it cannot be said that the state court resolution of Petitioner's claims "resulted

13  in a decision that was contrary to, or involved an unreasonable application of, clearly established

14  Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision

15  that was based on an unreasonable determination of the facts in light of the evidence presented in

16  the State Court proceeding." 28 U.S.C. § 2254(d).

17          Petitioner also raises a number of other claims that are completely meritless. As

18  Respondent correctly argues, Petitioner's complaints that the Board's regulations, California

19

20          [3]Pursuant to Title 15, of the California Code of Regulations, Section 2402(c)(1) sets forth circumstances
    tending to demonstrate unsuitability for parole when the prisoner committed the offense in an especially heinous,
21  atrocious or cruel manner.  The factors to be considered include:
            (A) Multiple victims were attacked, injured or killed in the same or separate incidents.
22          (B) The offense was carried out in a dispassionate and calculated manner, such as an execution-
    style murder.
23          (C) The victim was abused, defiled or mutilated during or after the offense.
            (D) The offense was carried out in a manner which demonstrates an exceptionally callous
24  disregard for human suffering.
            (E) The motive for the crime is inexplicable or very trivial in relation to the offense.
25
    15 Cal.Code Regs. § 2402(c)(1)(A)-(E).
26                                                    7

27

28

Determinate Sentencing Laws, and the California Penal Code require setting uniform terms are based solely on state statutes and case law. Generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990). Moreover, Federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Petitioner's claim must therefore be rejected.

Petitioner also claims the parole decision violated the terms of his plea bargain. This claim is completely unfounded. Petitioner has presented nothing to show he was promised he would be released after a certain amount of time. Indeed, his sentence is for a term of 17 years to life, with the *possibility* of parole. See Exhibit 1, Answer. In addition, Petitioner has not been told he will never be granted parole. In fact, he has been encouraged to remain disciplinary free and continue his vocational programming so he will one day be eligible for parole. See Exhibit 1, Petition.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The petition for writ of habeas corpus be DENIED; and

2.      Judgment be entered in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the

8

1  objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §

2  636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

3  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

4  Cir. 1991).

5

6      IT IS SO ORDERED.

7   **Dated:**    **May 15, 2007**          **/s/ Dennis L. Beck**
                                     UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                        9

27

28