# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERTO GONZALES,<br><br>    Petitioner,<br><br>    v.<br><br>K. MENDOZA-POWERS, Warden, et al.,<br><br>    Respondents. | 1:06-CV-00951 LJO NEW (DLB) HC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION<br>[Doc. #11]<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS<br>[Doc. #1]<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    On May 16, 2007, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DENIED. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

    On June 18, 2006, Petitioner filed objections to the Findings and Recommendation. Petitioner argues the Magistrate Judge misapplied the correct standard of review. Petitioner's

arguments are without merit. As discussed by the Magistrate Judge, Title 15, of the California Code of Regulations, Section 2402(c)(1) sets forth circumstances tending to demonstrate unsuitability for parole when the prisoner committed the offense in an especially heinous, atrocious or cruel manner. The factors to be considered include:

(A) Multiple victims were attacked, injured or killed in the same or separate incidents.

(B) The offense was carried out in a dispassionate and calculated manner, such as an execution-style murder.

(C) The victim was abused, defiled or mutilated during or after the offense.

(D) The offense was carried out in a manner which demonstrates an exceptionally callous disregard for human suffering.

(E) The motive for the crime is inexplicable or very trivial in relation to the offense.

15 Cal.Code Regs. § 2402(c)(1)(A)-(E).

The Board of Prison Terms found Petitioner unsuitable for parole based on positive findings of factors (A), (B), and (E). The Magistrate Judge determined there was some evidence supporting these findings, and Petitioner as well concedes the facts support these findings. Yet, Petitioner argues that relying on these factors is insufficient to find him unsuitable for parole. He argues that factors of suitability greatly outweigh these unchanging factors of unsuitability. However, it is not the Court's province to re-weigh the evidence and factors of suitability and unsuitability. Superintendent, Mass. Correc. Inst. v. Hill, 472 U.S. 445, 455 (1985). As discussed by the Magistrate Judge, the Constitution only requires that the Board's findings and decision be supported by "some evidence." Id., at 454.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file and having considered the objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on the points raised in the objections.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued May 16, 2007, is ADOPTED IN FULL;

1      2. The Petition for Writ of Habeas Corpus is DENIED; and

2      3. The Clerk of Court is DIRECTED to enter judgment in favor of Respondent.

3  IT IS SO ORDERED.

4  **Dated:   June 22, 2007**                    **/s/ Lawrence J. O'Neill**
                                             UNITED STATES DISTRICT JUDGE